O

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| **FILIBERTO MACIAS,** <br>     **Plaintiff,** <br><br> **vs.** <br><br> **JANET NAPOLITANO, ET AL.,** <br>     **Defendants.** | Case No.: SACV 12-02195 (RNBx) <br><br> **ORDER GRANTING MOTION FOR SUMMARY JUDGMENT [10]** |

    Before the Court is Defendants Jane Arellano, Eric Holder Jr., Alejandro Mayorkas, Janet Napolitano, and Donald Neufeld (together, "Defendants'") Motion for Summary Judgment ("Motion" or "Mot.") (Dkt. 10).  Having considered the motion, opposition, reply, and all exhibits attached thereto, the Court hereby GRANTS the Motion in its entirety.

## I. BACKGROUND

Petitioner Filiberto Macias ("Mr. Macias") resides in the United States without legal status. Compl., Ex. 1 ("Cruz Decl.") ¶ 2.[1] On or about April 13, 2002, the U.S. Department of Homeland Security issued a Notice to Appear and placed Mr. Macias in removal proceedings before the Los Angeles Immigration Court. Mot., Ex. 1.

### A. Removal Proceedings Before the Immigration Judge

Mr. Macias filed a Cancellation of Removal for Certain Non-Legal Permanent Residents. Cruz Decl. ¶ 3. On March 25, 2003, his employer at the time, Dave Cross Landscape Construction, filed an Application for Alien Employment Certification with the U.S. Department of Labor. Mot., Ex. 2.

Sometime in 2006, "[Mr. Macias] determined that his primary form of relief would be" an Application to Register Permanent Resident or Adjust Status ("Adjustment Application"). Compl., Ex. 2. Mr. Macias was applying for adjustment on the basis of employment, which requires the applicant's employer to first apply for an immigrant visa by submitting an I-140 petition. 8 U.S.C. § 1182(a)(5)(A); 20 C.F.R. § 656.2; 8 C.F.R. § 204.5. Mr. Macias's counsel alleges that the immigration judge informed him that he should file the Adjustment Application, despite the fact that Mr. Macias' employer's I-140 petition was not yet approved. Cruz Decl. ¶ 6.

Relying on the immigration judge's information, Mr. Macias' counsel filed the Adjustment Application on October 5, 2006. Mot., Ex. 5. It was received on October 16, 2006. Mot., Ex. 6. Two weeks later, on October 30, 2006, Mr. Macias' counsel filed an I-140 petition on behalf of Mr. Macias' then-employer. Mot., Ex. 3. It was received on November 9, 2006. Mot., Ex. 6.

On January 14, 2009, on a motion by the U.S. Department of Homeland Security, the immigration judge terminated the removal proceedings without prejudice so that Mr. Macias

---

[1] The Court consults declarations outside the administrative record solely for background and to determine what, if any, information the agency wrongfully ignored. *See Anglers of Au Sable v. United States Forest Serv.*, 565 F. Supp. 2d 812, 822 (E.D. Mich. July 10, 2008) (citing *Asarco, Inc. v. U.S. EPA*, 616 F.2d 1153, 1160 (9th Cir. 1980))

could adjust his status through the United States Citizenship and Immigration Service ("USCIS").  Mot., Ex. 8.

### B. Adjustment Application Before the USCIS

On February 23, 2009, the USCIS interviewed Mr. Macias.  Mot., Ex. 5.  On July 16, 2009, the USCIS rejected Mr. Macias' Adjustment Application because there was no visa number available at the time of filing.  *Id.*; *see also* Mot., Ex. 7.[2]

Mr. Macias and his counsel began to communicate with USCIS attorney Theresa Healy.  Cruz Decl. ¶ 10.  Over the next two years, they agreed that the problems with Mr. Macias' Adjustment Application could be resolved by filing a second Adjustment Application.  *Id.*  On January 19, 2011, Mr. Macias did so.  Mot., Ex. 9.  During that year, Mr. Macias received and timely responded to two requests for evidence from the USCIS.  Cruz Decl. ¶ 11.  On February 2, 2012, the USCIS denied the second Adjustment Application because Mr. Macias no longer intended to work for Dave Cross Landscape Construction, and Mr. Macias was not statutorily eligible to change to a new employer.  Mot., Ex. 10.

Subsequently, Mr. Macias filed the complaint in this action, seeking mandamus and declaratory judgment as to USCIS's denial of his Adjustment Application.  *See generally* Compl (Dkt. 1).

### II. LEGAL STANDARD

Generally, summary judgment is appropriate when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).[3]

The review of final agency action is governed by the Administrative Procedure Act ("APA") under an "arbitrary and capricious" standard.  5 U.S.C. § 706(2)(A); *Idaho Farm Bureau Fed'n v. Babbit*, 58 F.3d 1392, 1401 (9th Cir. 1995).  In short, an agency's decision

---

[2] Mr. Macias' counsel alleges that on August 10, 2009, he filed a motion to reopen.  Compl., Ex. 7.  USCIS has no record of receiving this motion, the requisite accompanying form, or the appropriate filing fees.  Mot. Ex. 11 ¶ 10.  Mr. Macias' counsel has submitted the cover letter that he allegedly served on USCIS, but not the requisite form to reopen or proof that he paid the filing fee.

[3] Secretary Napolitano's moves both to dismiss under Federal Rule of Civil Procedure 12(b)(6) and for summary judgment under Federal Rule of Civil Procedure 56.  The Court denies the pro forma Motion to Dismiss because it rests on several factual questions that cannot be resolved under Rule 12(b)(6).

should be overturned if it was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law." *Id.* In evaluating whether an agency's decision meets this standard, "[courts] ask whether the agency 'considered the relevant factors and articulated a rational connection between the facts found and the choice made.'" *Natural Res. Def. Council v. U.S. Dep't of the Interior*, 113 F.3d 1121, 124 (9th Cir. 1997) (quoting *Pyramid Lake Pauite tribe of Indians v. U.S. Dep't of the Navy*, 898 F.2d 1410, 1414 (9th Cir. 1990)). The standard is "highly deferential, presuming the agency action to be valid and affirming the agency action if a reasonable basis exists for its decision." *Indep. Acceptance Co. v. California*, 204 F.3d 1247, 1251 (9th Cir. 2000).

Under the APA, the district court's review is limited to the administrative record. 5 U.S.C. § 706; *see also Cnty of Los Angeles v. Shalala*, 192 F.3d 1005, 1011 (D.C. Cir. 1999) (when reviewing final agency action, the district court is not managing a "garden variety civil suit," but rather "sits as an appellate tribunal"). However, the district court "may consult documents outside the record, such as the declarations submitted by the plaintiffs, to determine if there is any information the agency should have considered but did not." *Anglers of Au Sable v. United States Forest Serv.*, 565 F. Supp. 2d 812, 822 (E.D. Mich. July 10, 2008) (citing *Asarco, Inc. v. U.S. EPA*, 616 F.2d 1153, 1160 (9th Cir. 1980)).

**III.   ANALYSIS**

   **A. Whether the Denial of Mr. Macias' Adjustment Application Was Proper**

The core of this case is Mr. Macias' Adjustment Application and the question of whether it was properly denied. Mr. Macias argues that in denying his Adjustment Applications, the USCIS did not adequately consider that the immigration judge informed him that he should file his application before a visa number was immediately available.

An alien, such as Mr. Macias, may apply to become a lawful permanent resident under a number of circumstances, including adjustment based on employment in the United States. 8 U.S.C. § 1182(a)(5)(A); 20 C.F.R. § 656.2; 8 C.F.R. § 204.5. Under the employment-based adjustment process, the employer must first file for labor certification with the U.S. Department of Labor; second, after the certification is approved, the employer must seek an immigrant visa

by submitting an I-140 petition; and third, once the I-140 petition is approved, the alien can seek status adjustment by filing an I-485 application, the Adjustment Application. 8 U.S.C. § 1182(a)(5); 8 U.S.C. § 1255; 8 C.F.R. § 204.5.

Then, the United States Attorney General, acting in his discretion, may adjust the alien to lawful permanent resident status if, among other things, the immigrant visa is immediately available to the alien at the time the Adjustment Application is filed. 8 U.S.C. § 1255(a).[4]

On March 25, 2003, Mr. Macias' employer at the time, Dave Cross Landscape Construction, filed an Application for Alien Employment Certification with the U.S. Department of Labor. Mot., Ex. 2. On October 5, 2006, before Mr. Macias' then-employer even filed an I-140 petition—let alone before it was approved—Mr. Macias' counsel filed the first Adjustment Application. Mot., Ex. 5 (Adjustment Application dated October 5, 2006); Mot., Ex. 3 (I-140 petition dated October 30, 2006). On July 16, 2009, USCIS rejected Mr. Macias' application because "[a]t the time [Mr. Macias] filed the application, visa numbers were not available in [his] immigration category." Mot., Ex. 7. On January 19, 2011, Mr. Macias filed a second Adjustment Application. Mot., Ex. 9. This application was also rejected because at the time of the second filing, Mr. Macias "did not have the intention to work for the I-140 petitioner Dave Cross Landscape Construction." Mot., Ex. 10.

These facts are undisputed. Mr. Macias argues only that the USCIS should have given more regard to the fact that the immigration judge informed him that he should prematurely file an Adjustment Application. Even assuming that the immigration judge did so inform Mr. Macias' counsel, the Court cannot find that the USCIS's ultimate decision was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law. *See* 5 U.S.C. § 706(2)(A); *Idaho Farm*, 58 F.3d at 1401. The USCIS rejected Mr. Macias' application twice,

---

[4] To the extent that Mr. Macias is arguing that the Court should compel the USCIS to grant his Adjustment Application, the Motion for Summary Judgment is GRANTED. A district court has the authority to "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1). However, a discrete agency action cannot be compelled unless it is "demanded by law." *Norton v. Utah Wilderness Alliance*, 542 U.S. 55, 65 (2004). In other words, a district court cannot compel an agency to take an action that was within its discretion to execute. *Id.* at 66. The decision to grant or deny an adjustment application is within the agency's discretion. 8 U.S.C. § 1255(a). Therefore, the Court cannot compel USCIS to grant Mr. Macias' Adjustment Application.

both times for reasons that were fully within its discretion.  *See* 8 U.S.C. § 1255.  Therefore, without more, the Court finds that USCIS acted properly by denying Mr. Macias' Adjustment Applications.

### B. Whether the Issue of Mr. Macias' Eligibility Was Adjudicated by the Immigration Judge and Has Preclusive Effect

Mr. Macias argues that the USCIS "is prevented by res judicata from denying [his] adjustment of status application without considering the merits."  Opp'n at 14-21.  In summary, he argues that the immigration judge dismissed Mr. Macias' "removal proceedings based on [Mr. Macias'] prima facie eligibility to pursue adjustment of status with [USCIS]," Opp'n at 18, and so the issue of Mr. Macias' prima facie eligibility is res judicata.  The Court disagrees.

Issue preclusion applies when: (1) the issue necessarily decided at the previous proceeding is identical to the one which is sought to be re-litigated; (2) the first proceeding ended with a final judgment on the merits; and (3) the party against whom issue preclusion is asserted was a party or in privity with a party at the first proceeding.  *Paulo v. Holder*, 669 F.3d 911, 917 (9th Cir. 2011).  However, "dismissal without prejudice lacks res judicata effect."  *In re Am. Cont'l Corp./Lincoln S&L Secs. Litig.*, 102 F.2d 1524, 1535 (9th Cir. 1996) (citing *In re Corey*, 892 F.2d 829, 835 (9th Cir. 1989), *cert. denied*, 498 U.S. 815 (1990)).  For example, in *Heracovici v. Holder*, the Ninth Circuit held that an "[immigration judge]'s termination without prejudice of a previous removal proceeding did not constitute 'a final judgment on the merits' of whether [the alien's] convictions qualified as removable offenses."  473 Fed. Appx. 710, 710 (9th Cir. 2012).

Here, it is undisputed that the immigration judge terminated the removal proceedings "without prejudice."  Mot., Ex. 8.  Therefore, the Court finds that the first proceeding did not end with a final judgment on the merits, and the immigration judge's findings lack issue preclusive effect.  *See Paulo*, 669 F.3d at 917.

### C. Whether USCIS Is Equitably Estopped from Denying Mr. Macias' Adjustment Application

Mr. Macias next argues that USCIS "should be equitably estopped from denying [his] adjustment of status application under these unique and specific facts." Opp'n at 21-25. Specifically, Mr. Macias argues that because the immigration judge provided him with incorrect information, the USCIS should be equitably estopped from denying his application on the basis that a visa number was not immediately available at the time that the Adjustment Application was filed. Opp'n at 23. The Court disagrees.

Ordinarily, a party claiming estoppel must show four elements: (1) the party to be estopped knew the facts; (2) the party to be estopped intended that its conduct be acted on or acted such that the party claiming estoppel has a right to believe it was so intended; (3) the party claiming estoppel was ignorant of the true facts; and (4) the party claiming estoppel relied on the other party's conduct to his injury. *Watkins v. U.S. Army*, 875 F.2d 699, 709 (9th Cir. 1989). However, for the purposes of estoppel, "the Government is not an ordinary defendant." *Lavin v. Marsh*, 644 F.2d 1378, 1383 (9th Cir. 1981). "Persons dealing with the government are charged with knowing government statutes and regulations, and they assume the risk that government agents may exceed their authority and provide misinformation." *Id.* (citing *Fed. Crop Ins. Corp. v. Merrill*, 332 U.S. 380, 384-85 (1947)). In order to "invoke estoppel against the Government, the party claiming estoppel must show 'affirmative misconduct' as opposed to mere failure to inform or assist." *Id.* at 1382 (citing *INS v. Hibi*, 414 U.S. 5 (1973)).

Mr. Macias argues that he "can show affirmative misconduct because the government provided him with incorrect information, *to wit*, that his application for adjustment would be deemed constructively filed on the date a visa through his approved I-140 became available and because the government failed to warn him that [USCIS] would deny his adjustment application for having complied with the court's order to file his application when he did." Opp'n at 23. However, even if the Court assumed that "the government provided [Mr. Macias] with incorrect information" and "failed to warn him that [USCIS] would deny his adjustment application," he has made no showing of "affirmative misconduct." As the Ninth Circuit

explained in *Lavin*, "[p]ersons dealing with the government are charged with knowing government statutes and regulations, and they assume the risk that government agents may exceed their authority and provide misinformation." 644 F.2d at 1383. Indeed, Mr. Macias had the benefit of legal counsel during the removal proceedings and related filings. The immigration judge's information, or misinformation, does not constitute affirmative misconduct.

In short, Mr. Macias has not made any showing of affirmative misconduct on the part of either the immigration judge or the USCIS. Therefore, the Court finds that USCIS cannot be equitably estopped from denying Mr. Macias' application.

## IV. DISPOSITION

For the reasons explained above, the Court GRANTS Defendants' Motion for Summary Judgment in its entirety. No further proceedings will be held on this matter.

DATED: May 30, 2014

*David O. Carter*

DAVID O. CARTER
UNITED STATES DISTRICT JUDGE